## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **VIRGINIA E-COMMERCE SOLUTIONS, LLC,** | |
| Plaintiff, | **Case No. 1:10-CV-1229  LMB IDD** |
| v. | **PATENT CASE** |
| **EBAY, INC. and PAYPAL, INC.** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Virginia E-Commerce Solutions, LLC, ("Virginia E-Commerce") files this First

Amended Complaint against eBay, Inc. ("eBay") and PayPal, Inc. ("PayPal") (collectively

"Defendants") for infringement of United States Patent No. RE 40,753 E (hereinafter also

referred to as "the '753 patent"), which is a reissue of United States Patent No. 6,618,705. A

copy of the '753 patent is attached as Exhibit A.


## JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code.

Virginia E-Commerce is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal

Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising

under the United States' patent statutes, 35 U.S.C. §101 *et seq.*

3.      Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants have committed acts of infringement in this district and division and/or are deemed to reside in this district and division.

4.      Virginia E-Commerce is a Virginia limited liability corporation with its principal place of business in this judicial district and in this division, in Arlington, Virginia.

5.      Defendant eBay, Inc. ("eBay") is a Delaware corporation with its principal place of business in San Jose, California.  This Court has personal jurisdiction over eBay and venue is proper in this district and division because eBay has committed, and continues to commit, acts of infringement in the state of Virginia, including in this district and division and/or has engaged in continuous and systematic activities in the state of Virginia, including in this district and division.

6.      Defendant PayPal, Inc. ("PayPal") is a Delaware corporation with its principal place of business in San Jose, California.  This Court has personal jurisdiction over PayPal and venue is proper in this district and division because PayPal has committed, and continues to commit, acts of infringement in the state of Virginia, including in this district and division and/or has engaged in continuous and systematic activities in the state of Virginia, including this district and division.  By virtue of its ownership of PayPal, eBay directs and/or controls the actions of PayPal.  In addition, and in the alternative, eBay directs and/or controls the interaction of PayPal's activities with respect to the interaction between eBay's systems accused herein and PayPal's systems accused herein.

7.      On information and belief, Defendants' systems that are alleged herein to infringe were and continue to be made, used, imported, offered for sale and/or sold in Virginia, including in this judicial district and division and/or Defendants' practices that are alleged herein to

infringe were and continue to be conducted in the state of Virginia, including in this judicial

district and division.

### INFRINGEMENT OF UNITED STATES PATENT NO. RE 40,753 E

8.      Virginia E-Commerce incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271 *et seq*.

10.      Virginia E-Commerce is the owner of all right, title and interest in the '753 patent

with rights to enforce the '753 patent and sue infringers.

11.      The '753 patent, titled "Method and System for Conducting Business in a

Transnational E-Commerce Network" is valid, enforceable and was duly issued in full

compliance with Title 35 of the United States Code.  According to the abstract of '753 patent: the

system provides for a splitting of a merchant server into a Web, DB server and a payment server.

The Web, DB server allows for the easy up-dating registration by a merchant of items available

for purchase on the website of the Web, DB server.

12.      eBay provides a system(s) for supporting online purchasing including, but not

limited to, a system and related computer code, whereby (1) eBay can provide product/item

information for two or more merchants on the www.eBay.com website, and associated websites

and server(s) ("Website"), such that the merchants can add items and update information relating

to those items on the Website, (2) the Website can receive a purchase request from a buyer for a

merchant's item(s), (3) the buyer's communication with the Website can be switched to

communication with a payment server (*e.g.,* PayPal) for the purpose of processing a credit card

transaction for the purchase of the item(s), (4) the eBay server(s) can receive information from

the payment server regarding whether the credit card transaction has been approved, and (5) the

Website can be updated after receiving confirmation that the credit card transaction has been approved, so the merchant product information on the Website is updated with respect to the purchase ("the eBay System").

13.     PayPal, a wholly-owned subsidiary of eBay, operates a system(s), and related computer code, for supporting online buying over the internet whereby PayPal's system(s), with a financial network, process a credit card transaction for a merchant including, but not limited to, any PayPal system(s) whereby (1) a buyer's communication with a merchant's website is shifted to communicate with PayPal's website to submit log-in information, a credit card number, and/or other confidential information to PayPal for the purpose of processing a credit card transaction, (2) PayPal sending the credit card payment information to the financial network to obtain a decision as to whether the credit card transaction is approved, and (3) PayPal submitting to eBay or other merchant the decision of whether the credit card transaction is approved ("the PayPal System").

14.     Merchants may communicate with the eBay System, via the eBay.com website, to list items for sale and update information about those items.

15.     Buyers who communicate with the eBay System, via the eBay.com website, identify a product for purchase and then make a purchase request via eBay's website.  After making the purchase request, the buyers are switched to a PayPal System, via PayPal's website, for the secure submission of log-in or other confidential information.

16.     PayPal sends credit card payment information to a financial network for payment transaction processing, including communicating with the eBay servers to confirm that a buyer's credit card has accepted for payment.

17.     If a buyer's credit card transaction has been accepted, the eBay servers and

4

website are updated with respect to the item that was purchased.

## COUNT I
## INFRINGEMENT OF THE '753 PATENT BY EBAY

18.     Virginia E-Commerce incorporates paragraphs 1 through 17 herein by reference.

19.     On information and belief, eBay has and continues to directly infringe one or more claims of the '753 patent, including at least claims 17 (a method for conducting online purchasing) and 30 (a system for conducting online buying in an e-Commerce business environment), by making, using, offering for sale, selling and/or practicing the methods and systems covered by one or more claims of the '753 patent, including but not limited to claims 17 and 30, via eBay's System for conducting online purchasing.

## INDIRECT INFRINGEMENT
## (Contributory Infringement)

20.     eBay has been aware of the '753 patent at least as early as service of this action.

21.     eBay offers its processing and payment system to others for use in the United States.

22.     As alleged herein, Defendants are direct infringers.  In addition, users of the Defendants' accused systems are direct infringers.

23.     The eBay System is a component of a patented system and/or a material component used in practicing a patented process.

24.     The eBay System is not a staple article of commerce suitable for substantial non-infringing use.

25.     eBay's actions were performed with knowledge that the accused system was especially made or adapted for use in an infringement of the '753 patent.

**(Inducing Infringement)**

26.     eBay knowingly induced infringement of one or more claims of the '753 patent and possessed specific intent to encourage others' infringement.

27.     eBay knew or should have known that its actions alleged herein would induce actual infringement of one or more claims of the '753 patent.

28.     eBay had knowledge of the '753 patent since at least the inception of this action but continues to cause others to use the infringing system and continues to instruct others how to use the accused system in accord with one or more claims of the '753 patent.

29.     eBay intended to cause the acts of others that constitute the direct infringement of the '753 patent.

30.     eBay knew or should have known that its actions would cause direct infringement by others.

31.     On information and belief, eBay has and continues to indirectly infringe one or more claims of the '753 patent by inducing others (*e.g.,* users of the eBay System and the PayPal System) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

## COUNT II
## INFRINGEMENT OF THE '753 PATENT BY PAYPAL

32.     Virginia E-Commerce incorporates paragraphs 1 through 31 herein by reference.

33.     On information and belief, PayPal has and continues to directly infringe one or more claims of the '753 patent, including at least claims 17 (a method for conducting online purchasing), 30 (a system for conducting online buying in an e-Commerce business environment), and 83 (a computer readable medium with instructions for enabling a payment server to execute a program supporting online buying over the internet by performing

operations), by making, using, offering for sale, selling and/or practicing the methods and

systems covered by one or more claims of the '753 patent, including, but not limited to claims 17

and 30, via PayPal's System for conducting online purchasing.

## INDIRECT INFRINGEMENT
### (Contributory Infringement)

34.     PayPal has been aware of the '753 patent at least as early as service of this action.

35.     PayPal offers the PayPal System to others for use in the United States.

36.     As alleged herein, Defendants are direct infringers.  In addition, users of the

Defendants' accused systems are direct infringers.

37.     The PayPal System is a component of a patented system and/or a material

component used in practicing a patented process.

38.     The PayPal System is not a staple article of commerce suitable for substantial

non-infringing use.

39.     PayPal's actions were performed with knowledge that the accused system was

especially made or adapted for use in an infringement of the '753 patent.

### (Inducing Infringement)

40.     PayPal knowingly induced infringement of one or more claims of the '753 patent

and possessed specific intent to encourage others' infringement.

41.     PayPal knew or should have known that its actions alleged herein would induce

actual infringement of one or more claims of the '753 patent.

42.     PayPal had knowledge of the '753 patent since at least the inception of this action

but continues to cause others to use the infringing system and continues to instruct others how to

use the accused system in accord with one or more claims of the '753 patent.

43.     PayPal intended to cause the acts of others that constitute the direct infringement of the '753 patent.

44.     PayPal knew or should have known that its actions would cause direct infringement by others.

45.     On information and belief, PayPal has and continues to indirectly infringe one or more claims of the '753 patent by inducing others (*e.g.*, users of the eBay System and the PayPal System) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

## ADDITIONAL ALLEGATIONS AGAINST ALL DEFENDANTS

46.     Virginia E-Commerce incorporates paragraphs 1 through 45 herein by reference.

47.     Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

48.     On information and belief, Defendants' infringement of the '753 patent, since at least service of this action, has been and continues to be willful.

49.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

50.     Virginia E-Commerce has complied with 35 U.S.C. § 287.

51.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Virginia E-Commerce and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Virginia E-Commerce asks the Court to:

(a) Enter judgment for Virginia E-Commerce on this First Amended Complaint;

8

(b) Enjoin the Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with the Defendants who receive notice of the order from further infringement of United States Patent No. RE40,753 E;

(c) Award Virginia E-Commerce damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(d) Award Virginia E-Commerce an ongoing royalty rate for any Defendants' post-judgment infringement, where applicable;

(e) Find Defendants' infringement to be willful;

(f) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(g) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(h) Award Virginia E-Commerce reasonable attorney fees under the provisions of 35 U.S.C. § 285;

(i) Award Virginia E-Commerce interest and costs; and

(j) Award Virginia E-Commerce such further relief to which the Court finds Virginia E-Commerce entitled under law or equity.


## DEMAND FOR JURY TRIAL

Virginia E-Commerce demands a trial by jury on all issues properly triable by jury in this action.

DATED:  December 20, 2010

Respectfully submitted,

**HARNESS, DICKEY & PIERCE, PLC**

_____/s/ Terry L. Clark_____
Terry L. Clark, VA Bar No. #34640
11730 Plaza America Drive, Suite 600
Reston, VA  20190
P. 703.668.8000
F. 703.668.8200
tclark@hdp.com

Matthew L. Cutler
Rudolph A. Telscher
Randy J. Soriano
7700 Bonhomme Ave., Suite 400
Clayton, MO 63105
P. 314.308.3990
F. 314.726.7501
mcutler@hdp.com
rtelscher@hdp.com
rsoriano@hdp.com

**THE SIMON LAW FIRM, P.C.**

Anthony G. Simon
Timothy E. Grochocinski
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
teg@simonlawpc.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

It is hereby certified that on this 20th day of December, 2010, that a copy of the foregoing was served on the following counsel via the Court's Electronic Filing System:

Ahmed Jamal Davis
Ruffin B. Cordell
Indranil Mukerji
**Fish & Richardson PC**
1425 K St. NW
Suite 1100
Washington DC  20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
adavis@fr.com
rcordell@fr.com
mukerji@fr.com

*Attorneys for eBay, Inc.*

Ahmed Jamal Davis
Ruffin B. Cordell
Indranil Mukerji
**Fish & Richardson PC**
1425 K St. NW
Suite 1100
Washington DC  20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
adavis@fr.com
rcordell@fr.com
mukerji@fr.com

*Attorneys for Paypal, Inc.*

                              /s/ Terry L. Clark
                       Terry L. Clark

60761988.1