IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **VIRGINIA E-COMMERCE SOLUTIONS, LLC,**<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>**EBAY, INC.** and **PAYPAL, INC.,**<br><br>　　　　　　　　　Defendants. | Case No. 1:10-cv-01229-LMB-IDD<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND, IN THE ALTERNATIVE, PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

## I.　　INTRODUCTION

Defendants' original motion to dismiss contended that Plaintiff's complaint failed to adequately identify the accused products and practices at issue in this litigation. On December 20, 2010, Plaintiff filed its First Amended Complaint addressing Defendants' concerns and rendering this issue moot. First Amended Complaint ("FAC") (Doc. No. 25). In the FAC, Plaintiff has gone to great lengths to provide considerable detail regarding its allegations despite only notice pleading requirements. Defendants' reply memorandum raises new arguments. (Doc. No. 30). Defendants' new arguments distill into the following:

　　(1)　Has Plaintiff sufficiently pled a claim for direct infringement?

　　(2)　Has Plaintiff sufficiently pled a claim for contributory infringement?

　　(3)　Has Plaintiff sufficiently pled a claim for willful infringement?

For the reasons stated herein, the above questions must be answered in the affirmative and Defendants' motion should be denied in its entirety.

## II.     LEGAL STANDARDS GOVERNING MOTION TO DISMISS

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to state a claim for relief. Expounding on the language in Rule 8(a)(2), the Supreme Court stated that "[f]actual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 1950.

## III.     ARGUMENT

**1.     Plaintiff's FAC States a Valid Claim for Direct Infringement.**

Plaintiff's FAC alleges that eBay infringes at least claims 17 (a method for conducting online purchasing) and 30 (a <u>system</u> for conducting online buying in an e-Commerce business environment) of U.S. Patent No. RE 40,753 ("the '753 patent"). FAC ¶ 19. Plaintiff's FAC alleges that PayPal infringes at least claims 17, 30 and 83 (a computer readable medium with instructions for enabling a payment server to execute a program supporting online buying over the internet by performing operations). FAC ¶ 33[1].

Defendants' sole argument regarding Plaintiff's direct infringement claims is that Plaintiff can only prove infringement of claims 17 and 30 under a theory of joint infringement

---

[1] It should be noted that the FAC does not limit the infringement allegations to these two claims. They are however the only claims addressed in Defendants' motion.

and that Plaintiff has failed to adequately plead joint infringement. Def. Reply pp. 2-5. Both assertions are incorrect. Defendants do not challenge Plaintiffs allegation that PayPal infringes claim 83 (apparatus claim). As a result, Claim 83 and the other asserted claims of the '753 patent are not implicated by Defendants' motion to dismiss and it would therefore be improper to dismiss this action in its entirety. Moreover, Plaintiff need not come forth with evidence at this time to prove that eBay and PayPal can be joint infringers in order to survive a motion to dismiss. Certainly, if discovery proves otherwise, Defendants can file dispositive motions on this issue.

a. **The "Joint Infringement" Framework Does Not Apply to Apparatus Claims.**

Plaintiff's FAC alleges that Defendants infringe claim 30 of the '753 patent. Claim 30 is an apparatus claim, which claims a "system, for conducting online buying in an e-Commerce business environment, …." '753 patent, c. 8, ll. 56-57 (Doc. No. 25-1). Defendants are accused of infringing claim 30 via, among other things, Defendants' use of the claimed system. FAC ¶¶ 19, 33. Infringement of claim 30 does not require action by multiple parties – each Defendants' respective use of the accused system constitutes direct infringement.

In their reply, Defendants state:

> But the allegations fail to plausibly establish that either Defendant directly infringes claims 17 and 30 because direct infringement requires ***a single party (or its agent)*** to perform **each and every step of a claimed** method or **product**. *See, e.g., BMC Resources, Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1378 (Fed. Cir. 2007) (citing *Warner-Jenkinson Co., Inc. v. Hilton Davis Corp.*, 520 U.S. 17, 40 (1997)).

Def. Reply p. 2 (Doc. No. 30) (emphasis added). This is an incorrect statement of the law. Apparatus claims do not have steps. *BMC Resources* does not apply a theory of joint infringement to an apparatus claim, or otherwise change the well-settled law that a defendant may directly infringe an apparatus claim via its making, using, offering to sell, selling and/or

3

importing of the claimed apparatus.  *See BMC Resources, Inc.*, 498 F.3d 1373; 35 U.S.C. § 271(a).  Defendants have not identified a single binding case applying a theory of "joint infringement" to an apparatus claim.  This is because joint infringement does not apply to apparatus claims.  *Golden Hour Data Systems, Inc. v. EMSCharts, Inc.*, 614 F.3d 1367, 1380-81 (Fed. Cir. 2010) (noting that defendant could have been found liable for direct infringement based on sale of accused software, regardless of direction or control, but only theory submitted to jury was joint infringement, which did not apply).

Defendants appear to argue that claim 30 requires action by third-party merchants and buyers.  Def. Reply p. 4 (Doc. No. 30).  Claim 30 is an apparatus claim that does not require such action.  Setting this aside, the claim language identified by Defendants is functional language describing the capabilities the system must have.  Claim 30 states:

> A first communication channel … <u>for</u> the buyer to identify one or more the items for purchase …[2]

'753 patent, c. 9, ll. 1-3 (emphasis added).  This limitation does not require any action on the part of third-party merchants or buyers.  It merely states one of the purposes of the first communication channel (*i.e.*, for the buyer to identify one or more items for purchase).

This issue was recently addressed by the Federal Circuit in *Uniloc USA, Inc. v. Microsoft Corp.*, 2011 WL 9738 * 12-13 (Fed. Cir. Jan. 4, 2011) (attached as Exhibit A).  In *Uniloc*, Microsoft argued that Uniloc failed to prove direct infringement of claim 19, an apparatus claim for a remote registration station, because Microsoft did not supply or use the end user's computers in which the remote registration station must function.  *Id*.  The Federal Circuit noted:

> [t]hat other parties are necessary to complete the environment in which the claimed element functions does not necessarily divide the infringement

---

[2] Defendants' reply memorandum inadvertently misquotes the language of claim 30.  Def. Reply. P. 4 (Doc. No. 30).

4

> between the necessary parties. For example, a claim that reads 'An algorithm incorporating means for receiving e-mails' may require two parties to function, but could nevertheless be infringed by the single party who uses an algorithm that receives emails.

*Id*. at *12. The Federal Circuit also agreed that "[a]ccepting Microsoft's argument that the local side of Claim 19 requires an end-user's participation, similar to the surgeon's participation in *Cross-Medical*, would be akin to importing a method step into this software system – something the language of Claim 19 does not support." *Id*. at *13. The Federal Circuit distinguished the apparatus claim in *Uniloc*, from the method claims in *BMC Resources* and *Muniauction*. *Id*. at *13.

The same situation is present in this case. The fact that the system in claim 30 may involve multiple-parties when functioning does not mean that it cannot be infringed when a single party (*i.e*., eBay and PayPal) use the system. In addition, adopting Defendants' argument would be akin to improperly importing method steps into an apparatus claim, which the language of claim 30 does not support. *Id*. at *13.

Plaintiff's FAC describes the accused systems in detail and alleges that Defendants have, and continue to, infringe one or more claims of the '753 patent, including apparatus claim 30, based on Defendants making, using, offering for sale, and/or selling of the accused systems. FAC ¶¶ 12, 13, 19, 33.[3] This is sufficient factual matter, which accepted as true, states a claim to relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949. As a result, Defendants' motion to dismiss should be denied.

---

[3] Defendants' Reply Memorandum, which was filed after Plaintiff filed its FAC, no longer challenges the sufficiency of Plaintiff's identification of the accused products and practices. *See generally*, Def. Reply (Doc. No. 30). As such, that portion of Defendants' motion is moot.

### b.     To the Extent Claim 17 Requires Actions by Multiple Parties, Plaintiff Has Met the Requirements for Pleading Joint Infringement.

As detailed in the preceding section, Plaintiff has stated a valid claim for direct infringement against eBay and PayPal. This renders Defendants' remaining arguments to dismiss Plaintiff's direct infringement claims moot.

Setting this aside, Defendants' remaining argument regarding Plaintiff's direct infringement claims is that claim 17 (a method claim) requires action by multiple parties and that Plaintiff's have failed to adequately plead joint infringement. "Where the combined actions of multiple parties are alleged to infringe process claims, the patent holder must prove that one party exercised 'control or direction' over the entire process such that all steps of the process can be attributed to the controlling party, *i.e.*, the 'mastermind.'" *Golden Hour*, 614 F.3d at 1380.

To the extent infringement of claim 17 requires the combined actions of eBay and PayPal, Plaintiff's FAC states:

> By virtue of its ownership of PayPal, eBay directs and/or controls the actions of PayPal. In addition, and in the alternative, eBay directs and/or controls the interaction of PayPal's activities with respect to the interaction between eBay's systems accused herein and PayPal's systems accused herein.

FAC ¶ 6. **Defendants do not dispute that eBay owns PayPal or Plaintiff's allegation that eBay directs and/or controls the actions of PayPal.** *See generally* Def. Reply (Doc. No. 30). Defendants do not even contend that Plaintiff's FAC fails to adequately plead the direction or control requirement of joint infringement. *Id*.

Defendants also incorrectly argue that claim 17 requires action by third-party merchants and buyers. Def. Reply p. 4 (Doc. No. 30). As with claim 30, the language identified by Defendants does not require action by third-party merchants or buyers. Rather, it is functional language describing the steps in the method. For example, claim 17 states:

6

> … the Web, DB server *being adapted* so that the merchants can update information, …
>
> … the Web, DB server is updated with respect to the purchase of the item identified by the buyer; …

'753 patent, c. 7, ll. 46-47, (Doc. No. 25-1). These two excerpts of claim 17, which are the only excerpts identified by Defendants, do not require action by third party merchants or buyers and, as a result, Plaintiff is not required to plead that eBay or PayPal exercise control or direction over third-party merchants or buyers. As a result, Defendants' motion should be denied.

**2.      Plaintiff's FAC States a Valid Claim for Contributory Infringement.**

Plaintiff's FAC alleges that Defendants offer the accused systems to others for use in the United States, that the eBay system and PayPal system are components of a patented system and/or material components used in practicing a patented process, and that the eBay system and PayPal system are not staple articles of commerce suitable for substantial non-infringing use. FAC ¶¶ 21-24, 35-38. This is sufficient factual matter, which accepted as true, states a claim to relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949.

Defendants contend that Plaintiff does not allege that Defendants sell, offer to sell, or import a component for use in a patented process or device. Def. Reply p. 5 (Doc. No. 30). This is incorrect. Plaintiff's FAC alleges that Defendants offer for sale and/or sell the eBay system and the PayPal system and that Defendants offer these systems to others in the United States in return for payment. FAC ¶¶ 19, 21, 33, 35.

Defendant's reliance on *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342 (Fed. Cir. 2007) is misplaced. In *Pharmastem*, the defendant "sold a service" rather than the cord blood units themselves. *Id*. at 1356. The Federal Circuit held that "[w]hile cord blood is certainly a product, the transaction between the defendants and their clients is plainly not the sale

of 'a material or apparatus for use in practicing a patented process,' as required by 35 U.S.C. § 271(c) for method patents." *Id*. at 1357.

In contrast, Plaintiff has alleged that eBay and PayPal have contributorily infringed at least claim 30 (an apparatus claim) of the '753 patent by selling to end users a material component of a patented system for the third parties' infringing use. In other words, eBay and PayPal are selling to end users a material component of a patented apparatus. This is alleged in Plaintiff's FAC and meets the requirements of 35 U.S.C. § 271(c). FAC ¶¶ 19, 21, 33, 35. Moreover, Defendants concede that PayPal's system is offered to eBay and its users. As a result, Defendants' motion should be denied.

**3.    Plaintiff's FAC States a Valid Claim for Willful Infringement.**

Defendants also allege that Plaintiff's cannot state a valid claim for willful infringement because Plaintiff's have not alleged that Defendants had notice or knowledge of the '753 patent before the filing of this action. Def. Reply p. 6 (Doc. No. 30). In other words, Defendants contend that a claim of willful infringement cannot be based solely on post-litigation conduct. *Id*. This is incorrect.

In *Seagate*, the Federal Circuit stated: "**whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case**." *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007 (en banc) (emphasis added). After Seagate, the Federal Circuit noted that post litigation activities are relevant to willfulness. *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 Fed. Appx. 284 (Fed.Cir. 2008). This case is in its infancy. The facts of the case are not yet known. At this preliminary stage, the question is whether or not Plaintiff's FAC states a valid claim for willful infringement. It does and Defendants' motion to dismiss the same should be denied.

## IV. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss should be denied in its entirety. In the alternative, Plaintiff should be granted leave to file a Second Amended Complaint to address any deficiencies in its First Amended Complaint.

DATED:   January 5, 2011                **HARNESS, DICKEY & PIERCE, PLC**

/s/ Terry L. Clark
Terry L. Clark, VA Bar No. #34640
11730 Plaza America Drive, Suite 600
Reston, VA  20190
P. 703.668.8000
F. 703.668.8200
tclark@hdp.com

Matthew L. Cutler
Rudolph A. Telscher
Randy J. Soriano
7700 Bonhomme Ave., Suite 400
Clayton, MO 63105
P. 314.308.3990
F. 314.726.7501
mcutler@hdp.com
rtelscher@hdp.com
rsoriano@hdp.com

**THE SIMON LAW FIRM, P.C.**

Anthony G. Simon
Timothy E. Grochocinski
800 Market Street, Suite 1700
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
teg@simonlawpc.com

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served on counsel for Defendants via the Court's CM/ECF system on January 5, 2011.

                                        <u>/s/ Terry L. Clark</u>
                                        Terry L. Clark

60766994.1