IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VIRGINIA E-COMMERCE SOLUTIONS, LLC<br><br>            Plaintiff,<br><br>    v.<br><br>EBAY INC. and PAYPAL, INC.,<br><br>            Defendants. | Civ. Act. No. 1:10cv1229 (LMB/IDD) |

### RULE 16(b) JOINT CONFERENCE REPORT AND FINAL DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 16, Local Civil Rule 16, and this Court's December 8, 2010 Order to conduct a Rule 26 conference, plaintiff Virginia E-Commerce Solutions, LLC ("VECS") and defendants eBay Inc. and PayPal, Inc. (collectively, "eBay") conducted telephonic conferences on December 22, 2010 and on January 5, 2010, and met with the magistrate judge on January 14, 2011.  Plaintiff was represented by Harness Dickey & Pierce and Simon Law Firm; Defendants were represented by Fish & Richardson.  The parties hereby stipulate and agree as follows:

**I.     PROTECTIVE ORDER**

The parties shall submit a stipulated protective order to the Court on or before **January 14, 2011** or, should they fail to agree by that date, they shall file any motion for entry of a protective order by **January 19, 2011**, and notice it for hearing on **January 28, 2011**.  The parties mutually agree that until the Court enters a Protective Order, all documents produced pursuant to this Plan and in response to discovery requests shall be treated by the receiving party as Attorneys-Eyes Only.  In no event shall any party withhold producing its documents based on

confidentiality concerns (other than third-party obligations) or the fact that the Protective Order has not yet been entered.

## II.     DISCOVERY SCHEDULE

    A.    The parties shall serve their Rule 26(a)(1) initial disclosures by **January 19, 2011**. The parties further agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to service by first class mail.

    B.    Amended Pleadings may be filed without leave of Court on or before **January 31, 2011**. Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause.

    C.    On or before **January 21, 2011**, VECS shall serve an "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately, and as specifically as possible, the following information:

        1.    A claim chart identifying specifically where each limitation of each asserted claim is found within each accused device, including for each limitation that VECS contends is governed by 35 U.S.C. § 112(6) (means-plus-function), the identity of the structure(s), act(s), or material(s) in the accused device that corresponds to the structure identified in the patent specification that performs the claimed function.

        2.    Whether each limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused device.

        3.    The date of conception and the date of reduction to practice of each allegedly infringed claim.

        4.    For any claim of priority earlier than that listed on the face of the patent, the priority date to which each asserted claim allegedly is entitled.

        5.    If VECS wishes to preserve the right to rely on the assertion that its own apparatus, product, device or other instrumentality practices the claimed invention, VECS shall identify each such apparatus, product, device or other instrumentality.

        6.    For each claim of each patent-in-suit that is allegedly infringed, the identity of the applicable statutory subsections of 35 U.S.C. § 271 asserted.

    D.    Together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," VECS shall produce, or make available for inspection and copying,

the following (together with any English translations of the documents completed prior to this litigation), to the extent these items are in VECS's possession, custody, or control:

1. A copy of the file history for each patent.

2. All licenses for each patent which do not have any confidentiality provision or which VECS has been able to obtain permission to produce without an order of the Court.  In the event that VECS withholds production of relevant licenses because of confidentiality provisions, it shall notify defendants of the existence of such withheld licenses, and the steps VECS is taking to obtain any necessary permission(s).

3. All rulings in any other cases in which the patents have been asserted, regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses.

4. Documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of, or offer to sell, the claimed invention prior to the date of application for each patent. VECS's production of these documents shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5. Documents within VECS's possession evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application or the priority date identified in each patent.

E. Defendants shall serve their "Preliminary Invalidity Contentions" on or before **February 11, 2011**, which must identify as specifically as possible the following, to the extent these items are in Defendants' possession, custody, or control:

1. Documents reflecting the quantity of each accused product that Defendants have made, used, sold and/or imported in the United States since 2003.

2. Each item of prior art that Defendants contend anticipates each specified claim.  Each prior art patent shall be identified by its number, country of origin, and date of issuance.  Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior use under 35 U.S.C. § 102(a) or (b), or on sale activity under 35 U.S.C. § 102(b), shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

       3.      On a claim-by-claim basis, whether each item of prior art anticipates each asserted claim and/or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination of prior art that Defendants contend renders each specified claim obvious and the motivation to combine such items.

       4.      A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that Defendants contend is governed by 35 U.S.C. § 112(6), the identify of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

       5.      Any grounds of invalidity for any of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2), or enablement, written description, or failure to describe the best mode under 35 U.S.C. § 112(1).

F.      With the "Preliminary Invalidity Contentions," Defendants shall produce or make available for inspection and copying the following:

       1.      Specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any relevant aspects or elements of the accused product or process.

       2.      A copy of each item of prior art identified by Defendants that does not appear in the file history of the patents at issue. To the extent any portion of such item is relied upon in the contentions and is not in English, Defendants must produce an English translation of any portion(s) relied upon. If the Defendants possess a certified translation on which they intend to rely, they shall produce such translation; otherwise, an uncertified translation (e.g., Google Translate) is acceptable.

G.      **Discovery limitations**: In addition to the discovery limitations set forth in the Court's December 8, 2010 Order, the parties further agree as follows:

       1.      Depositions shall be limited to **ten (10)** non-expert depositions per side, including non-party witnesses. The number of depositions may be extended only with leave of Court, and only upon a showing of good cause. A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation. A deposition notice served upon an individual that is testifying as a corporate representative shall constitute a separate deposition for purposes of this section. The parties agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least three (3) days in advance of the deposition date.

    2.    The parties agree that notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall not be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

    3.    The parties agree to make a good-faith effort to provide a privilege log within **fourteen (14) calendar days** of service of document productions in response to document requests, with the specific understanding that the production of documents themselves may be done on a "rolling" basis and, as such, corresponding updates and amendments to privilege logs may be expected. The parties further agree that documents and things created after the date of filing of this lawsuit need not be identified on any such privilege log.

    4.    The parties are continuing to meet-and-confer on the handling of electronic discovery and may file a separate stipulation in the future.

    5.    The parties agree that the deadline for objections to discovery requests shall be extended to be **thirty (30) days** from service of the requests, and shall be served concurrently with a party's substantive responses to the discovery, *provided* that the responding party intends to substantively respond to the discovery requests on the return date. In the event that a party does not intend to respond substantively to any discovery request, the responding party shall notify the propounding party of the particular discovery request or requests within **fifteen (15) days** of service of the discovery to facilitate an early meet and confer on such requests.

    6.    The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in .pdf format.

    7.    The parties may serve up to forty (40) requests per admission.

H.    All initial expert reports (i.e., for matters on which a party bears the burden of proof) shall be served on or before **March 18, 2011**. All rebuttal reports shall be served on or before **April 1, 2011**.

I.    The Final Pretrial Conference shall be conducted on **April 21, 2011**.

    J.        All discovery shall be commenced in time to be completed by **April 15, 2011**.

    K.        All dispositive and *Daubert* motions shall be filed by no later than **April 22, 2011**.

    L.        All Rule 26(a)(3) Pretrial Disclosures shall be filed and served no later than **April 19, 2011**.

    M.        All Objections to Rule 26(a)(3) Pretrial Disclosures, including trial exhibits, shall be filed and served no later than **April 22, 2011**.

    N.        All oppositions to dispositive and *Daubert* motions shall be filed by no later than **May 13, 2011**.

    O.        All replies in support of dispositive and *Daubert* motions shall be filed by no later than **May 18, 2011**.

           [**PLAINTIFF PROPOSES**:  All replies in support of dispositive, *Markman,* and *Daubert* motions shall be filed by no later than **May 18, 2011**.]

    P.        The Court does not require a technical tutorial.  The parties shall meet and confer and, if they can agree on a joint technical tutorial, shall submit it to the Court by no later than **May 23, 2011**.

    Q.        Dispositive and *Daubert* motions shall be heard on **May 25, 2011,** or as soon thereafter as the Court is available.

## III.    SETTLEMENT CONFERENCE

The parties have not yet actively pursued settlement discussions.  A settlement conference may be requested at any time in the case.  The Court may refer the parties to consult with a magistrate judge or another regarding settlement.

## IV.    OTHER MATTERS

    A.        The parties expect the trial of this matter to last **five (5) days**.

    B.        The parties do not agree to proceed to trial before a magistrate judge.

    C.        A jury trial has been demanded.

**SO STIPULATED.**

Dated: January 14, 2011

| | |
|---|---|
| **HARNESS, DICKEY & PIERCE, PLC**<br><br>      /s/ Terry L. Clark (w/permission AJD)      <br>Terry L. Clark, VA Bar No. #34640<br>11730 Plaza America Drive, Suite 600<br>Reston, VA  20190<br>P. 703.668.8000<br>F. 703.668.8200<br>tclark@hdp.com<br><br>Matthew L. Cutler<br>Rudolph A. Telscher<br>7700 Bonhomme Ave., Suite 400<br>Clayton, MO 63105<br>P. 314.308.3990<br>F. 314.726.7501<br>mcutler@hdp.com<br>rtelscher@hdp.com<br>rsoriano@hdp.com<br><br><br>**THE SIMON LAW FIRM, P.C.**<br><br>Anthony G. Simon<br>Timothy E. Grochocinski<br>701 Market Street, Suite 1450<br>Saint Louis, Missouri 63101<br>P. 314.241.2929<br>F. 314.241.2029<br>asimon@simonlawpc.com<br>teg@simonlawpc.com<br><br>***ATTORNEYS FOR PLAINTIFF*** | **FISH & RICHARDSON P.C.**<br><br>/s/ Ahmed J. Davis                                  <br>Ruffin B. Cordell (Va. Bar #35449)<br>rcordell@fr.com<br>Ahmed J. Davis (Va. Bar # 43982)<br>adavis@fr.com<br>Indranil Mukerji (admitted *pro hac vice*)<br>mukerji@fr.com<br>William Sekyi (admitted *pro hac vice*)<br>sekyi@fr.com<br>1425 K Street, N.W., Suite 1100<br>Washington, D.C. 20005<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>*Attorneys for Defendants eBay, Inc. and PayPal, Inc.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of January 2011, I served the foregoing document via the Court's ECF system on all opposing counsel authorized to receive such notices.

                                                /s/ *Ahmed J. Davis*
                                                Ahmed J. Davis